Bertram R. Gelfand, S.
This is a proceeding to determine whether paragraph "third” of the will which created a residuary charitable remainder trust should be reformed or interpreted so as to qualify for a charitable deduction (pursuant to US Code, tit. 26, § 2055, as amd. by the Tax Reform Act of 1969). The trust created by paragraph "third” provides for annual payments totaling $24,600 to 10 named individuals. Upon the death of the last survivor of these individuals the remainder shall be distributed to such charitable, educational and eleemosynary organizations that are selected by the then acting trustees. The trustees are given the power in their sole and absolute discretion to invade the principal for the support and maintenance of any of the income beneficiaries. The will explicitly states that the primary concern of the testatrix "is the welfare of the said income beneficiaries and not the remaindermen of the principal of the trust.”
The executors take the position that the will may not be reformed so as to qualify for a charitable deduction. The Attorney-General at first took issue with this position because of the tax impact upon the charities but conceded in open court that the executors were correct.
The court will reform or amend a trust where it is clear that the creator’s primary concern was to obtain a charitable deduction and this objective would be frustrated because the draftsman failed to comply with the applicable provisions of the 1969 Tax Reform Act (Internal Revenue Code, § 2055, subd [e], par [2], cl [A]) which disallow a charitable deduction for a remainder interest unless such interest is a charitable remainder annuity trust or unitrust or a pooled income fund as these terms are described in the income tax provisions of the IRC (see Matter of Hammer, 81 Misc 2d 225 and Matter of Stalp, 79 Misc 2d 412). However, here it is evident that testatrix was primarily concerned with the welfare of the 10 named individ *186 uals and not with the impact of estate taxes upon un-named contingent remainder charitable beneficiaries. Even prior to the Tax Reform Act of 1969 a charitable remainder interest was not entitled to a deduction if it was subject to a power of invasion that might diminish or defeat the corpus going to a charity (Estate of Schildkraut v Commissioner of Int. Rev., 368 F2d 40; Internal Revenue Reg., § 20.2055-2, subd [b]). Any amendment of this trust so as to immunize it from tax liability would be in direct contradiction of the intent of the testatrix.
Accordingly, the court finds no basis to amend or reform the clear and unambiguous provisions of paragraph "third” of the will. The interpretation of said paragraph advanced by the executors is adopted as being proper.